United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  JAMAL JENKINS,                        No. C-10-1687 TEH (PR)

12            Plaintiff,

13        v.                              ORDER OF DISMISSAL WITH LEAVE
                                          TO AMEND
14  ELOY MEDINA, et. al.,

15            Defendant(s).

16  _____/

17

18        Plaintiff, a prisoner presently incarcerated at Pleasant

19  Valley State Prison, has filed a pro se civil rights Complaint under

20  42 U.S.C. § 1983 alleging violations of his constitutional rights by

21  officials at Salinas Valley State Prison that occurred while he was

22  incarcerated at that facility.  The forty-one page handwritten

23  Complaint contains allegations against many Defendants, including

24  unnamed "Doe Defendants," regarding incidents unrelated to each

25  other that occurred on different dates spread out across a period of

26  years, and references prison grievances that are too numerous for

27  the Court to count easily.  <u>See</u> Doc. ## 3 & 3-1.  For the reasons

28  that follow, the Complaint is DISMISSED with LEAVE TO AMEND within

1  thirty (30) days of the date of this Order.

2

3                                    I

4          Federal courts must engage in a preliminary screening of

5  cases in which prisoners seek redress from a governmental entity or

6  officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

7  The court must identify cognizable claims or dismiss the complaint,

8  or any portion of the complaint, if the complaint "is frivolous,

9  malicious, or fails to state a claim upon which relief may be

10 granted," or "seeks monetary relief from a defendant who is immune

11 from such relief."  Id. § 1915A(b).

12         To state a claim under 42 U.S.C. § 1983, a plaintiff must

13 allege two essential elements:  (1) that a right secured by the

14 Constitution or laws of the United States was violated, and (2) that

15 the alleged violation was committed by a person acting under the

16 color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

17

18                                    II

19                                    A

20         Federal Rule of Civil Procedure 8(a)(2) requires only "a

21 short and plain statement of the claim showing that the pleader is

22 entitled to relief."  "Specific facts are not necessary; the

23 statement need only '"give the defendant fair notice of what the

24 . . . claim is and the grounds upon which it rests."'"  Erickson v.

25 Pardus, 551 U.S. 89, 93, (2007) (per curiam) (citations omitted).

26 Although to state a claim a complaint "does not need detailed

27

28                                    2

factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  <u>Id.</u> at 570.

The United States Supreme Court recently explained the "plausible on its face" standard of <u>Twombly</u> as follows:  "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1950 (2009).  Pleadings filed by pro se litigants, however, must be liberally construed.  <u>Hebbe v. Pliler</u>, 611 F.3d 1202, 1205 (9th Cir. 2010) ("[b]ecause <u>Iqbal</u> incorporated the <u>Twombly</u> pleading standard and <u>Twombly</u> did not alter courts' treatment of pro se filings," pleadings filed by pro se litigants – especially pro se prisoners filing civil rights complaints – must be construed liberally); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

//

//

//

3

**B**

Federal Rule of Civil Procedure 20 allows persons to be joined in one action as defendants so long as:  (1) the right to relief asserted against each defendant arises out of or relates to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants arises in the action.  <u>See</u> Fed. R. Civ. P. 20(a)(2).

**C**

Here, even construing Plaintiff's Complaint liberally, the Court is unable to decipher precisely what Plaintiff is alleging against whom and whether the allegations plausibly give rise to an entitlement to relief.  Further, on its face, Plaintiff's Complaint appears to violate Federal Rule of Civil Procedure 20(a)(2) because he alleges unrelated claims that do not contain a question of law or fact that is common to all Defendants.  For the foregoing reasons, Plaintiff's Complaint is DISMISSED with LEAVE TO AMEND within thirty (30) days of the date of this Order.

**III**

For the foregoing reasons, the complaint is DISMISSED WITH LEAVE TO FILE AN AMENDED COMPLAINT containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action.  <u>See</u> Fed. R. Civ. P. 20(a)(2).  The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's

**4**

federally-protected rights.  <u>See</u> Fed. R. Civ. P. 8(a)(2).  The pleading must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within thirty (30) days of this order will result in the dismissal of this action.

Plaintiff is advised that he may only allege claims in a single action that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. <u>See</u> Fed. R. Civ. P. 20(a)(2).  Plaintiff must file individual actions for unrelated claims against unrelated Defendants.  He also must either pay the $ 350.00 filing fee, or file a completed court-approved in forma pauperis application, for each separately-filed action.  <u>See</u> 28 U.S.C. § 1915.

Plaintiff is advised that the First Amended Complaint will supersede the original Complaint and all other pleadings.  Claims and Defendants not included in the First Amended Complaint will not be considered by the Court.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

//

//

//

//

//

//

//

5

1           Plaintiff further is advised that it is his responsibility

2  to prosecute this case.  Plaintiff must keep the Court informed of

3  any change of address by filing a separate paper with the Clerk

4  entitled  "Notice of Change of Address," and must comply with the

5  Court's orders in a timely fashion.  Failure to do so may result in

6  the dismissal of this action for failure to prosecute pursuant to

7  Federal Rule of Civil Procedure 41(b).

8

9           IT IS SO ORDERED.

10

11  DATED     09/29/10

                                                                                  

12                                       THELTON E. HENDERSON
                                     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26  G:\PRO-SE\TEH\CR.10\Jenkins-10-1687-dwlta.wpd

27

28                              6