**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**JAMAL JENKINS,**                                    No. C-10-1687 TEH (PR)

       **Plaintiff,**

      **v.**                                                 **ORDER OF DISMISSAL**

**ELOY MEDINA, et. al.,**

       **Defendant(s).**

_____/

Following this Court's order to do so, see Doc. #5, Plaintiff filed a pro se civil rights First Amended Complaint under 42 U.S.C. § 1983, which is now before the Court for screening under 28 U.S.C. § 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous,

malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II

In his First Amended Complaint, Plaintiff alleges that he "suffered deprivation of his rights under the United States and California's Constitutions" due to actions taken by Salinas Valley State Prison ("SVSP") Appeals Coordinators Eloy Medina and T. Variz. Doc. #7. Specifically, Plaintiff alleges that Medina and Variz subjected him to "a pernicious campaign of harassment" achieved in part by the "systematic screening out" of his prison administrative grievances "between 2007 and 2009." Id. at 3.

Regrettably for Plaintiff, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997). Further, it is well-established in the Ninth Circuit that there is no constitutional right to a prison administrative appeal or grievance system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Wolff v. McDonnell, 418 U.S. 539, 565 (1974) (noting, without

2

1  criticism, Nebraska prison system contained no provision for
2  administrative review of disciplinary decisions).
3          Plaintiff's allegations regarding harassment by SVSP
4  correctional officers and the denial of a right to file prison
5  grievances do not state a claim upon which relief may be granted
6  under 42 U.S.C. § 1983.  Accordingly, the instant action is
7  DISMISSED.  The Clerk is directed to terminate any pending motions
8  as moot and close the file.

10          IT IS SO ORDERED.

12  DATED     _03/08/2011_                  _____
                                            THELTON E. HENDERSON
13                                          United States District Judge

26  G:\PRO-SE\TEH\CR.10\Jenkins-10-1687-order of dismissal.wpd

**3**